# GEORGE M. DE LAND

## v.

# DIXON NATIONAL BANK.

1. ACCOMMODATION PAPER.—Where appellant did not give a certain note to a bank as mere accommodation to the bank without any consideration, but gave it for the accommodation of the cashier, who desired to deal with the bank upon the credit of the note. *Held*, that the money or credit obtained by the cashier of the bank was a good consideration as against appellant, who signed for the benefit of the cashier, and appellant can not claim as against appellee, the bank, that the note was accommodation paper and therefore void.

2. EVIDENCE.—The court is of opinion that the evidence in the case of the Dart note clearly shows that appellant either in the first place consented to the discount in question or afterward ratified it.

3. SUBSTANTIAL JUSTICE DONE.—Although instructions were given which were erroneous in stating that appellant would be estopped from denying the correctness of the pass-book or the check, unless he informed appellee of his objections within a reasonable time after the unauthorized use of his name was discovered and other improper instructions were given, yet as upon an examination of the evidence the court is unable to see that any other verdict should have been rendered, or if rendered could have been sustained, the verdict will not be disturbed.

ERROR to the Circuit Court of Lee county; the Hon. JOHN V. EUSTACE, Judge, presiding. Opinion filed February 5, 1884.

Messrs. BARGE, RATHBUN & BARGE, for plaintiff in error; that a bank assuming the duty of a collecting agent is absolutely liable for the neglig ence or default of a notary, corre-. spondent, or its own immediate servants or agents, cited Davey v. Jones, 42 N. J. L. 28; Ayrault v. Pacific Bk., 47 N. Y. 570; Walker v. Bk. of N. Y., 9 N. Y. 582; Ætna Ins. Co. v. Alton City Bk., 25 Ill. 243; Com. Bk. of Penn. v. Union Bk. N. Y., 1 Kern, 203; Rich v. State Nat. Bk., 7 Neb. 201; C., B. & Q. R. R. Co. v. Coleman, 18 Ill. 297; N. E. Fire & M. Ins. Co. v. Schettler, 38 Ill. 166; Board of Education v. Greenebaum, 39 Ill. 609; Angell & Ames on Corporations, 9th ed., § 310.

Banks, like individuals, are liable in the character they hold themselves or their agents out to the world: Bulkley v. Derby Fishing Co., 2 Conn. 255; Wilson S. M. Co. v. Boyington, 73 Ill. 534; Perkins v. Washington Ins. Co., 4 Cowen, 660; Bank U. S. v. Dandridge, 12 Wheat. 70–89.

Bankers are presumed to know the signatures of their customers, and they pay checks purporting to be drawn by them at their peril: Weisser v. Denison, 10 N. Y. 68; First Nat. Bk., Quincy, v. Ricker, 71 Ill. 439; Price v. Neal, 3 Burr. 1354; Wilson v. Alexander, 3 Scam. 392; Hoffman v. Bk. of Milwaukee, 12 Wall. 181; U. S. Bk. v. Bk. of Ga., 10 Wheat. 333.

The subsequent ratification of the acts of an agent are equivalent to a previous express authority: Hoyt v. Thompson, 19 N. Y. 207; Morris v. Tillson, 81 Ill. 607; Rich v. St. Nat. Bk. 7 Neb. 201; Balls. Spa Bk. v. Marine Bk., 16 Wis. 139.

Mr. A. K. TRUESDELL, for defendant in error; as to ratification, cited 1 Liverman on Agency, 44; Paley on Agency, 171; Com. Bk. of Buffalo v. Warren, 15 N. Y. 577.

Where substantial justice has been done, the verdict should not be disturbed: Glickauf v. Hirschorn, 73 Ill. 575; Toledo, W. & W. Ry. Co. v. Ingraham, 77 Ill. 309; Timmons v. Broyles, 47 Ill. 92; Flanigan v. Crull, 53 Ill. 352; Charter v. Graham, 56 Ill. 19; Graves v. Shoefelt, 60 Ill. 462.

LACEY, P. J. The appellant had been a general depositor of money in the bank of the appellee and in his dealings with the latter had given it, at various times, his promissory notes. At the close of their dealings the appellee on the — day of April 1877, made out and delivered to appellant a pass-book and forty-two vouchers, containing a full statement of his accounts, credits and debits. The appellant had carried no pass-book since 1873, the entire account being kept by the book. On the 17th day of October, 1879, the appellant brought this suit in assumpsit, claiming a balance due. The appellee pleaded set-off of two promissory notes, one dated May 8, 1878, for $127, and one for $707.62, signed by appel-

lant and Trueman, who was at the time cashier of the bank, dated Nov. 15, 1877. The interest on the larger note was all indorsed paid, till April 9, 1879. Appellee recovered judgment over for $1,093.93, the amount of the notes and interest.

The main points in controversy are certain checks purported to be drawn by appellant, to which he claims he never signed, or authorized to be signed, his signature; that they are in fact forgeries, and also that the small note is void because he did not owe the amount, for the reason that his bank account had been overdrawn by means of the forged checks; that if it had been correct he would not have owed the note, and that he had signed the note for the larger sum as the security of Trueman and for his mere accommodation. Therefore it was void. The main item charged against appellant to which he objects, and in which we think there can be any pretense of any injustice in erroneous charges, is a check for $600, dated Feb. 3, 1876, drawn payable to J. C. Wiswell, a commission merchant in Chicago. This check, it is claimed by appellee, was drawn by Trueman, with full authority of appellant, to cover the latter's loss in a wheat deal, on the Board of Trade in Chicago, in which he and Trueman had been jointly engaged. This appellant denies in his evidence.

It appears by the pass-book that the $600 check is off-set by a credit of " by note $600.41 " which completely cancels the charge of the check.

It appears from the evidence of John Coleman, partly corroborated by the evidence of appellant himself, that appellant, on the 17th of March, 1876, gave his promissory note to cover the disputed check and interest up to that date, and forty-one cents beside; and that that note was renewed six different times, until the last note was given, which was the $707.62 note in suit.

Now appellant does not claim that he ever gave or paid any other $600 note. If this be so we are unable to see what difference it can make whether the check for $600 was forged or not, as it appears to be canceled by a corresponding credit, to wit, the note dated March 17, 1876.

Even if this note is not collectible the credit on the account

still remains, and the defense should be directed against the note alone which was given to balance the account.

But we see no reason why the note should be defeated. It matters not whether appellant signed the note to accommodate Trueman to enable him to get money out of the bank, or to pay an indebtedness to the bank. The bank could have no concern whether Trueman agreed with appellant to take care of the note or not.

The appellant testifies that he gave the $707.62 note to the appellee, signed by himself alone, and that Trueman's name must have been put on it after it went out of his hands; that it was given for the accommodation of Frederick A. Trueman at the time he was the cashier of the bank. Trueman agreed to take care of the note. It is not stated how it was that Trueman wanted to use the appellant's note but the legitimate inference would be that he owed the bank and wanted to satisfy it in some way by appellant's note, or that he wanted to use appellant's note as security to the bank on which he might draw money out of the bank. He did not give the note to the bank as mere accommodation to the bank without any consideration, but he gave it for the accommodation of Trueman, who desired to deal with the bank upon the credit of the note. In this sense all security on negotiable paper is accommodation for the principal maker, but not for the payee, and it does not invalidate such note as to the security, that the payee may know that he is signing for the accommodation of the principal. The payee need have no concern in regard to that matter.

And in this case the appellee was not concerned as to the arrangement between appellant and Trueman upon what terms the former was signing paper for the latter. The money or credit obtained by Trueman, of the bank, was a good consideration as against appellant, who signed for the benefit of Trueman. The six hundred dollar check to Wiswell was an over-draft on appellant's account either drawn for appellant's benefit, or was fraudulently drawn by Trueman for his own benefit; and if for the latter purpose, the latter would certainly owe the bank unless appellee would assume it; and

we think it could make but little difference whether he gave his note for the debt as his own or for the accommodation of Trueman. There could be no valid defense to the note in either case. The appellee closed the account of the appellant and took the first note, which was renewed from time to time till this one was given. This appellee might have refused to accept the note, but it does not lie in appellant's mouth to complain of its having done so. The appellant has another ground of complaint, and that is, that appellee, without his consent, discounted a note on one Dart, of $4,444.45, in which the former had a one half interest, and which note was in the possession of the latter. The discount was at ten per cent. and the proceeds applied on notes of appellant due the appellee and those surrendered to appellant. The Dart note so discounted, and from that time claimed to be the property of appellee, was afterward collected by it. It is this difference between the proceeds of the Dart note discounted and the amount finally collected on it that appellant seeks to recover.

After a careful examination of the evidence and a consideration of all the attending circumstances, we are of the opinion that the evidence clearly shows that the appellant either in the first place consented to this discount, or afterward ratified it. He received his own notes which were paid off by this discount, which were drawing ten per cent. interest and received the benefit of the stoppage of such interest and the payment of his notes.

Again from anything that is shown us in the argument for appellant, we are not informed that the appellant has lost anything by the discount and the application of the proceeds on the payment of appellant's own notes. In other words, if the latter's notes had not been paid as they were and had run on interest till the Dart note was paid, would he have gained anything by the transaction? We are left in the dark as to the amount of appellant's claim on this score.

Complaint is also made of the giving by the court of certain of appellee's instructions, and the modification of certain of appellant's instructions.

It may be admitted that instructions 4 and 5, given for ap-

pellee, are erroneous in stating the law to be that the appellant would be estopped from denying the correctness of the pass-book or the check, unless he informed appellee of his objections within a reasonable time after the unauthorized use of his name was ¨discovered; and also No. 3, in regard to the burden of proof, and also the modification of appellant's instruction; but upon examination of the evidence we are unable to see that any other verdict should have˜been rendered, or if rendered could have been sustained. Therefore the judgment of the court below is affirmed.

Judgment affirmed.