JOHN P. REA v. JOHN S. McDONALD and Another.[1]

May 10, 1897.

Nos. 10,323—(19).

### Accommodation Paper.

Accommodation paper represents and is a loan of credit to the party accommodated, and it is not necessary that he should be a party to the paper.

### Same—Rights of Bona Fide Holder.

An accommodation maker or indorser of a bill or note cannot make the defense of a want of consideration, as against a person who, in the regular course of business and for value, has taken it before maturity, although the latter knew when he received the instrument that it was accommodation paper.

### Same—Sufficiency of Evidence to Show Bona Fide Holding.

At the request of B., who was the president and general manager of the bank, defendants executed and delivered to him a promissory note, due in four months,—in which the bank was named as payee,—for his accommo-

[1] Reported in 71 N. W. 11.

dation, and with the express understanding that he was to receive the proceeds of such note. B. immediately delivered the note to the payee bank, and caused the proceeds to be credited to his personal deposit account. He had previously directed another bank to charge to the account of his cwn bank the amount of his personal note held by the former, and, on the day he was credited with the proceeds of the accommodation note, he gavc his check to his own bank to balance the amount so charged. *Held,* that the accommodation note was received in good faith by the payee bank, and that a good consideration passed, as between it and defendants.

Appeal by defendants from an order of the district court for Hennepin county, Belden, J., denying their motion for a new trial. Affirmed.

*James O. Pierce,* for appellants.

The plaintiff, standing in the position of payee of this paper, has no right of recovery thereon. It is always permitted the maker of commercial paper, when sued thereon by the payee, to show himself an accommodation maker, or to show that the paper is without consideration, and this is a complete defense to the suit. Hill v. Buckminster, 5 Pick. 391; Copp v. Sawyer, 6 N. H. 386. The maker of a note may always set up a want of consideration when sued by the payee. 1 Daniel, Neg. Inst. § 174; Vorce v. Rosenbery, 12 Neb. 448; Kennedy v. Goodman, 14 Neb. 585; McCulloch v. Hoffman, 10 Hun, 133; Messmore v. Meyer, 56 N. J. L. 31. Plaintiff having notice that the note was made as accommodation paper, and taking it partly in satisfaction of a precedent debt, can not recover on it against the accommodation makers. Skilding v. Warren, 15 Johns. 270. The circumstance that the accommodation maker received collateral security from a third party does not detract from the defense. The paper in question is no less accommodation paper. May v. Boisseau, 8 Leigh, 164; Dowe v. Schutt, 2 Denio, 621. In this case the entire transaction having been had with the president and manager of the plaintiff bank, the bank had full and ample notice of the want of consideration for the note, and of the agreement that defendants should not be called upon to pay it. Lebanon v. Hollenbeck, 29 Minn. 322; Second v. Howe, 40 Minn. 393; Tagg v. Tennessee, 9 Heisk. 479; Union v. Campbell, 4 Humph. 396; Bank v. Davis, 2 Hill, 461. Notice to plaintiff of the fact that the paper was accommodation prevents recovery. Daggett v. Whiting, 35 Conn. 366; Hickerson v. Raiguel, 2 Heisk. 329; Rochester

v. Taylor, 23 Barb. 18. Where the officer of a bank, in acting for the bank and also for himself, has knowledge of defects in commercial paper, and the bank then acquires such paper, his knowledge is the knowledge of the bank, and it can not become a bona fide holder.

*Louis A. Reed,* for respondent.

In a transaction where a corporate officer or agent is acting in his own interest the corporation is not charged with his knowledge. Bang v. Brett, 62 Minn. 4. Accommodation paper is daily placed in the market for discount or sale, and an indorsee or purchaser who knows that a bill or note still current was made, accepted or indorsed without consideration, isas much entitled to recover as if he had been ignorant of the fact, even where he acquires it overdue. 1 Daniel, Neg. Inst. § 790; Tourtelot v. Reed, 62 Minn. 384. See, also, Thatcher v. West, 19 Mich. 196; Quinn v. Hard, 43 Vt. 375; Fetters v. Muncie, 34 Ind. 254; Schepp v. Carpenter, 51 N. Y. 602; Jackson v. First, 42 N. J. L. 178; Lord v. Ocean, 20 Pa. St. 384; Hart v. U. S., 118 Pa. St. 565; Cozens v. Middleton, 118 Pa. St. 622; Miller v. Larned, 103 Ill. 562; Dunn v. Weston, 71 Me. 270; Bank v. Buck, 5 Wend. 66.

COLLINS, J. Plaintiff, as receiver of the Bank of New England, an insolvent banking corporation, brought this action upon a promissory note executed and delivered by defendants, of date April 12, 1893, for the sum of $5,000, payable to the order of such bank four months after date. The note was given in renewal of one for the same amount of date December 12, 1892, payable to the same party or order April 12, 1893. The facts were that one Blethen, president of the bank, was indebted to a New York bank in the sum of $5,000 upon a note which matured December 9, 1892, and, as collateral, had deposited 20 bonds of a certain stock company. December 6th, as president of the Bank of New England, he wrote to the New York bank, directing that it charge the amount of his note to the account of his own bank, and send the note to him with the collateral. December 9th he was advised by the cashier of the New York bank that his request had been complied with, and the note and bonds forwarded to him. December 12th at the request of Blethen, defendants executed and delivered to him the note bearing that date.

At the same time, and as part of the same transaction, Blethen and

the defendants entered into a written agreement, known on the trial as "Exhibit 2." In that agreement the delivery of the note by defendants, and that its giving was without any immediate consideration to them, was recited, and, further, that Blethen was the recipient of the proceeds thereof, and, as a substitute for a consideration, desiring to protect and secure defendants from liability or loss, entered into the agreement in question, the gist of which was that he had simultaneously delivered to defendant Bushnell, for the benefit of both makers of the note, 12 of the bonds of the stock company before mentioned, and was to take up the note at maturity and return it, canceled, to such makers. Should he fail so to do, and should the makers of the note be compelled to pay it, the bonds at once became their property, with full right and power to sell the same, without notice, to the best of their ability; giving credit to Blethen for the net proceeds; holding the balance of the claim against him, with power to obtain judgment therefor, with attending costs. Should Blethen pay the note, the bonds were to be returned to him.

From the evidence it appeared that Blethen delivered the note to the Bank of New England on December 14th, for upon that day, according to its books, he received credit on his deposit account for the amount thereof, less a discount, and that upon the same day he was debited, as drawn out, the amount which had been charged up in the New York bank on account of his note to that institution. It was also shown from the books of the Bank of New England that, independent of this transaction, Blethen had from $50 to $781 on deposit to his credit each day from December 10th to December 17th. As before stated, the paper in suit was a renewal of the original note, obtained after it matured, and not without considerable effort on the part of Blethen. The court found that it was made for Blethen's accommodation, with the intention and understanding that he should procure it to be discounted at the payee bank for his own personal benefit, and that it was so discounted in the regular course of business. On the findings, judgment was ordered against defendants.

The finding that defendants executed the note for Blethen's accommodation, with the intention and understanding that he should procure it to be discounted at the payee bank for his own personal benefit, is abundantly supported by the evidence. The testimony of Blethen,

the recitals in the written agreement, and the fact that the bank was named payee in the note, established this, without taking into consideration admissions made upon the trial by defendants themselves. "Accommodation paper" is defined as such as is made, accepted, or indorsed by one party for the benefit of another without consideration. It represents and is a loan of credit to the party accommodated. Nor is it necessary that the party accommodated should be a party to the paper. Benjamin, Chalm. Dig. Bills & N. art. 90. An accommodation maker or indorser of a bill or note cannot make the defense of a want of consideration, as against the person who, in the regular course of business and for value, has taken it before maturity, although the latter knows when he receives the instrument that it is accommodation paper. That defense is only available as against the party accommodated, the one to whom the credit is loaned. And this rule protects the payee of a promissory note, taking it with knowledge that, as between others, it is accommodation paper. 1 Am. & Eng. Enc. Law (2d Ed.) p. 360, par. 5, and notes. De Land v. Dixon, 14 Ill. App. 219. The very purpose for which accommodation paper is made and put in circulation would be defeated if knowledge of its real character stood in the way of its negotiation. Tourtelot v. Reed, 62 Minn. 384, 64 N. W. 928.

But counsel for appellants takes the position that the bank was the accommodated party, and, hence, that the defense of want of consideration is open to his clients. As we understand it, this claim is based in part on the fact that it was named as payee, and in part because Blethen was its president and general manager. That the bank was named as payee can make no possible difference, as we have seen; for the inquiry always is, to whom did the maker of the paper loan his credit, as a matter of fact? It is obvious that if the note had been made payable to a banking corporation in which Blethen held no official position, had been delivered to him that he might be the recipient of its proceeds, as was actually the case, then turned over to the payee, and the proceeds thereof placed to Blethen's credit, or applied in payment of his past-due debt to such payee, the latter could not have been held as the party accommodated, and the defense of want of consideration would have no merit. This being so, what difference does it make that Blethen was the president and manager

of the payee bank. His connection with the institution did not forbid his discounting notes therein, nor did it prevent defendants from executing accommodation paper for his benefit, to be discounted in that bank. Impute all of his knowledge to the latter, and hold it responsible for such knowledge, and, in so doing, what was said in Bang v. Brett, 62 Minn. 4, 63 N. W. 1067, would be disregarded, and such knowledge could not affect its legal rights; for it would be protected in purchasing or discounting the paper, as would any other party, with full notice that defendants were accommodation makers, and were simply lending their credit to another person.

The Bank of New England took this paper before maturity. It parted with its money therefor, by crediting the value of the note to the person who, according to the express intention and understanding of the makers, was to be the recipient of the proceeds. The proof is clear that defendants expected Blethen would discount the paper for his own benefit, and, having this expectation, they attempted to protect themselves from loss by taking security from him. At the request of Blethen, and that he might receive its benefits, the defendants loaned their credit in the shape of a promissory note, in which the Bank of New England was named as a payee. He used this note at the bank, either by discounting the same and causing the amount thereof to be placed to his credit on deposit account, or by using it to pay a pre-existing debt. In either case, and with or without knowledge that it was accommodation paper, the bank received it in good faith, and a good consideration passed between the latter and the defendants. South v. Brown, 63 Me. 139.

Order affirmed.