## GREENWAY v. WILLIAM D. ORTHWEIN GRAIN CO.

(Circuit Court of Appeals, Eighth Circuit. February 21, 1898.)

### No. 947.

**1. BILLS AND NOTES—ACCOMMODATION PAPER.**

It is no defense against one who has acquired accommodation paper, with knowledge of its character, but in good faith, in the ordinary course of business, and for value, that the accommodation maker actually received no consideration for it.

**2. SAME—PLEDGE.**

One who takes commercial paper by way of a pledge to secure the repayment of a simultaneous loan made in consideration of the pledge, acquires it for value.

**3. SAME—FORBEARANCE TO SUE—SURETY.**

While a binding agreement by a creditor with his principal debtor that he will extend the time of payment, or will forbear to collect the debt, releases the surety, mere forbearance or delay on the creditor's part does not release him.

**4. SAME—PLEDGE AS COLLATERAL.**

The pledge of promissory notes as collateral security for the payment of a principal note neither lengthens the time of payment of those collaterals which fall due earlier, nor shortens the time of payment of those which fall due later, than the principal debt; but when, by their terms, they become due, the makers and indorsers have the right to pay, and the pledgee has the right to collect, them, regardless of the time when the principal debt falls due.

**5. SAME.**

In June, 1894, G., for the purpose of enabling one H. to borrow money on it, and without consideration, signed, as one of the makers, a promissory note made by H. to his own order, for $5,000, payable in four months. In July, H. made his promissory note for $5,000, payable seven months thereafter, to the order of the O. Co., and thereupon, to secure its payment, indorsed and pledged the four-months note, delivered both to the O. Co., and borrowed from it $5,000. In an action by the O. Co. against G. on the four-months note, *held* that, the plaintiff having acquired the note for value, its accommodation nature was immaterial, and that the fact that it was received as collateral security for a note having a longer time to run constituted no evidence of a binding agreement between plaintiff and H. to extend the time of its payment.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

J. P. Henderson and J. B. Wood, for plaintiff in error.

Charles Nagel, Daniel Noyes Kirby, U. M. Rose, W. E. Hemingway, and G. B. Rose, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. On June 27, 1894, for the purpose of enabling Ed. Hogaboom to borrow money upon it, and without consideration, the plaintiff in error, G. C. Greenway, signed, as one of the makers, a promissory note made by Ed. Hogaboom for $5,000 and interest at 10 per cent. per annum after maturity, payable to the order of Hogaboom. On July 23, 1894, Hogaboom made his promissory note for $5,000 with interest at 10 per cent. per annum from its date, payable seven months thereafter to the order of the

defendant in error, William D. Orthwein Grain Company, a corporation. On that day, Hogaboom indorsed and pledged the four-months note to secure the payment of the seven-months note, delivered them both to the defendant in error, and borrowed $5,000 of that corporation upon them. Only $666.66 has ever been paid upon either note. The grain company sued Greenway on the note which he signed, and his defenses were: (1) That he signed the note without consideration, for the accommodation of Hogaboom, and that the defendant in error was cognizant of this fact when it made the loan to him; and (2) that he was a mere surety for Hogaboom on this note, and that the grain company had, at the time of receiving it, agreed with Hogaboom to extend the time of its payment, without his knowledge, for the term of three months, for a valuable consideration, and had at the end of that time made another agreement of extension with Hogaboom of like character. The case was tried by a jury. There was no evidence of any agreement of extension except the fact that the four-months note was pledged to secure the payment of the seven-months note, and the court peremptorily instructed the jury to return a verdict for the defendant in error for the face of the note and interest, less the $666.66 which had been paid. This instruction is assigned as error. Accommodation paper constitutes a loan of credit, without consideration, by one party to another, who undertakes to pay the paper and indemnify the lender against loss on its account. It is paper which is made, indorsed, or accepted by one party, without consideration, for the accommodation of another, for the purpose and with the intention that the latter shall obtain money or credit upon it of some third party. The accommodated party can maintain no action upon it against the accommodation maker, because the latter has received no consideration for it from him. But, if the party accommodated uses the paper in the ordinary course of business to obtain money, credit, or any other thing of value from a third party, the law imputes the consideration which he receives to the accommodation maker, indorser, or acceptor, because the latter, by placing his name upon the paper, has, in effect, requested him who advances the consideration upon it to pay that consideration to the party accommodated. It was for that very purpose and with that intention that he placed his name upon the paper; and when a stranger has given a valuable consideration for it to the accommodated party in reliance upon this purpose and intent, the accommodation maker cannot be permitted to say that he has not himself received that consideration. It is therefore no defense against one who has acquired accommodation paper, with knowledge of its character, but in good faith, in the ordinary course of business, and for value, that the accommodation maker actually received no consideration for it. Bank v. Weisiger, 2 Pet. 347, 348; Iron Co. v. Brown, 63 Me. 139; Tourtelot v. Reed, 62 Minn. 384. 64 N. W. 928; Rea v. McDonald (Minn.) 71 N. W. 11; Miller v. Larned, 103 Ill. 562, 571; Israel v. Ayer, 2 S. C. 344, 348; Spurgin v. McPheeters, 42 Ind. 527. One who takes commercial paper by way of a pledge to secure the repayment of a simultaneous loan made in consideration of the pledge acquires it for value. Swift v. Tyson,

16 Pet. 1; Oates v. Bank, 100 U. S. 239; Railroad Co. v. National Bank, 102 U. S. 14, 28. The first defense of the plaintiff in error was therefore without foundation.

The second defense was that the plaintiff in error was a mere surety for the payment of the note made by Hogaboom and himself; and that the defendant in error, by taking this four-months note as collateral security for the payment of a note which fell due later, extended the time of payment of the former until the latter was due. This defense assumes the soundness of a proposition which is unfounded in reason and unsupported by authority. The contract of suretyship is not that the creditor will see that the principal pays the debt or performs the obligation, but it is that the surety will see that the principal pays or performs. If the plaintiff in error was a surety for Hogaboom on the four-months note, the moment it was pledged to the grain company he agreed with that corporation that he would see to it that Hogaboom paid the note four months after its date, and that he would then pay it if Hogaboom did not. It is true that, if the creditor makes a binding agreement with his principal debtor that he will extend the time of payment, or will forbear to collect the debt, this will release the surety. The reason of this rule is that such an agreement ties the hands of both creditor and surety, and deprives the latter of his right to pay the debt and to enforce repayment of it from his principal at any time after it becomes due by the terms of the contract which he signed. Mere forbearance or delay in enforcing the obligation, however, does not deprive the surety of this right to pay, and does not release him. Nelson v. Bank, 32 U. S. App. 554, 571, 572, 16 C. C. A. 425, 435, and 69 Fed. 798, 807; 2 Brandt, Sur. § 342. There was no evidence in this case that the defendant in error agreed, or that Hogaboom ever asked it to agree, to extend the time of payment, or to contract to forbear to collect the note in suit. On the contrary, the evidence was that nothing was ever said about such a contract, and that the written agreement of pledge described this note as "a five thousand dollar note, dated June 27th, 1894, and payable four months after date, executed by Ed. Hogaboom and G. C. Greenway of Hot Springs." The claim that there was such an agreement rests, therefore, on the naked fact that the four-months note was pledged to secure the payment of the seven-months note. But the pledge of promissory notes as collateral security for the payment of a principal note neither lengthens the time of payment of those collaterals which fall due earlier, nor shortens the time of payment of those which fall due later, than the principal debt. Such a pledge never conforms the due date of the collaterals to that of the principal note. The collateral notes are still governed by the contracts which their terms express, and when, by those terms, they become due, the makers and indorsers have the right to pay, and the pledgee has the right to collect, them, regardless of the time when the principal debt falls due. Farwell v. Bank, 90 N. Y. 483, 489; Wheeler v. Newbould, 16 N. Y. 392; Nelson v. Eaton, 26 N. Y. 410, 413; Jones v. Hawkins, 17 Ind. 550, 551; Androscoggin R. Co. v. Auburn Bank, 48 Me. 335, 342. If, therefore, we concede, and we do not decide, that the plaintiff in

error was a surety on the note in suit, as against the defendant in error, the charge of the court below was right, and the judgment must be affirmed. It is so ordered.