FARMERS & MERCHANTS STATE BANK v. E. D. OLSON.[1]

December 26, 1924.

No. 24,218.

**Plaintiff was holder of notes in due course and facts admitted on trial constitute no defense.**

Under the most favorable view to defendant of the admitted facts he, the payee and indorser in blank of the two promissory notes in suit, was an accommodation indorser, even though the person accommodated was not a party to the instruments. The latter, the president of plaintiff, jointly interested with defendant in an exchange of land with the makers of the notes, induced defendant to take in his name the title to certain land which it was necessary for such president to buy in order to carry out the exchange, and thereafter deed to the one with whom the exchange was made the land so bought and accept from him the two notes in suit secured by mortgages on such land, and thereupon indorse the notes and assign the mortgages to plaintiff, all for the sole benefit and use of said president of plaintiff under the agreement with him that defendant should incur no personal liability by so doing, of which agreement plaintiff had full knowledge when it received the notes before maturity and for value. It is *held*:

(1) Plaintiff was a holder in due course, and the admitted truth of the allegations of the answer in respect to plaintiff's full knowledge of the land deal and the agreement between the party accommodated and defendant that the latter should incur no personal liability upon the indorsements does not defeat a recovery.

(2) The allegations of the answer being admitted, neither the rule against varying a written contract by parol testimony nor the exceptions to that rule need be considered.

(3) Since the matters of fact admitted constitute no defense, the refusal to embody the same in the findings of fact will not reverse.

Action in the district court for Swift county to recover $5,000 upon promissory notes. The case was tried before Qvale, J., who ordered judgment in favor of plaintiff. From the judgment, defendant appealed. Affirmed.

*James B. Ormond*, for appellant.
*John I. Davis*, for respondent.

[1] Reported in 201 N. W. 440.

HOLT, J.

The complaint declared upon two promissory notes indorsed by defendant, the payee, and delivered to plaintiff, a bank, a few days after their execution by the makers, John R. Breed and Cora A. Breed.

The answer admitted the execution of the notes, their indorsement and delivery to plaintiff and then alleged as a defense that, at the time the notes were made, one A. D. Schendel was the president of and owned a controlling interest in the plaintiff; that Schendel and defendant became jointly interested in exchanging 960 acres of land in Swift county, Minnesota, to said John R. Breed for 5 sections of land in Montana; that, in order to make up the 960 acres of Swift county lands for the purpose of the exchange, Schendel purchased 320 acres, giving the description, the title thereto being taken in the name of defendant "for the joint use, purpose, benefit and advantage" of Schendel and defendant; that to make up the balance of the purchase price for the 960 acres which Breed received from Schendel and defendant in the exchange, Breed and his wife executed the notes in suit, which notes were secured by mortgages to defendant upon the said 320 acres so bought by Schendel; that Schendel was jointly interested with defendant in the notes and mortgages; that the title to the 320 acres at the time of its purchase was taken in the name of defendant alone at the instigation and request of Schendel as a matter of convenience; that, before the contract of exchange was entered into between Breed and Schendel and defendant, it was agreed by and between Schendel and defendant that the notes in suit and the mortgages securing the same would be carried and held by plaintiff without any personal liability whatever on the part of defendant; that it was upon the agreement and assurances of Schendel that defendant would incur no liability that the title to the 320 acres was taken in his name, the notes and mortgages received from Breed and wife, and the same indorsed and assigned to plaintiff for the joint use and benefit of Schendel and defendant; that the whole transaction was induced and put through by Schendel, and plaintiff took the notes and mortgages with full notice and knowledge of all the facts alleged; that

the whole transaction was a business enterprise with Schendel and he received the whole benefit thereof and the same was without any benefit or consideration to defendant, and that defendant's acts, conduct and doings in said transaction were wholly at the request of Schendel and for his accommodation.

At the trial the two notes with certificates of protest were received in evidence and, when defendant began to offer testimony in defense, plaintiff in open court admitted the truth of all the allegations of the answer above set forth, and that the notes, mortgages and assignments of the latter, received in evidence, were drafted by the cashier of plaintiff. An allegation in the answer of extension of time without consent of defendant was withdrawn. Thereupon both parties rested, and the court made findings: (1) That all the allegations of the complaint were true; and (2) that the time of payment of the notes had not been extended, and directed judgment for $5,000, the balance due on the notes. Defendant moved the court to find all the allegations, except the one of extension, of the answer true, as plaintiff had admitted. This was denied, solely on the ground, appearing from the court's memorandum, that the facts alleged constituted no defense, since from the admissions of the truth of the complaint plaintiff must be a holder in due course. Defendant appeals from the judgment.

The notes were dated May 14, 1914, due in 1921. The mortgages securing the same were assigned by defendant to plaintiff May 29, 1914, and apparently the notes were indorsed at the same time. Each assignment acknowledged the receipt of $3,000 as the consideration. Whether this went in whole or in part to Schendel is not important, for plaintiff took the notes for value before maturity, hence is a holder in due course, unless knowledge of the admitted facts precludes it from claiming that it received the notes in good faith, or such facts taint the instruments with an infirmity, or constitute a defect in the title of the person negotiating the same. The Negotiable Instruments Act does not define infirmity, but the admitted facts do not point to anything akin thereto either in the notes or indorsement. Section 55 of the Act (section 5867, G. S. 1913), does define defect of title, but that in terms does not cover the

situation here, for defendant was at least a party to the negotiation. But conceding that Schendel alone negotiated the instruments to plaintiff, the agreement with defendant was that this should be done, hence it cannot be said that the notes or their indorsements were obtained by fraud or other unlawful means, or that they were negotiated in breach of faith or under such circumstances as amount to a fraud.

Assuming that the admitted allegations of the answer should be understood as stating defendant to be jointly interested in the transactions of Schendel only insofar as needful for the acquisition of the Montana lands from Breed, and that that part of the business involving the purchase of the 320 acres in Swift county, the taking the title thereto in defendant's name as well as the notes and mortgages from Breed, and the transfer thereof to plaintiff were all solely for the benefit and use of Schendel, then defendant must be considered an accommodation indorser and liable as such. To be sure, Schendel was not a party to the paper, but he may be the party accommodated nevertheless. Rea v. McDonald, 68 Minn. 187, 71 N. W. 11. So that, whether the negotiation of the notes was for the joint benefit of defendant and Schendel or solely for the latter's accommodation, both parties intended plaintiff to take the notes and hence they were not taken in bad faith. And the question remains: Should plaintiff be precluded from enforcing the contract of indorsement?

Schendel did not purport to agree that plaintiff should not do so. It was Schendel's personal agreement that defendant should incur no personal liability by reason of the use of his name in the land deal and as payee and indorser of the notes. It is to be noted that the alleged and admitted facts do not show or tend to show any misrepresentations or fraud practised upon defendant. Hence we come back to the agreement under which defendant seeks to escape liability. And as to that no attention need be given to the parol evidence rule as exemplified in numerous decisions cited in Tiedt v. Johnson, 151 Minn. 288, 186 N. W. 779, nor to its exceptions, one of which ruled that case, for here all the allegations of the answer above recited are admitted to be true. This admission was not made

subject to the objection that the matters rested in parol, hence' incompetent. Moreover there is nothing in the admitted portions of the answer which shows that it is not provable by competent written evidence. No statute declares void a written agreement not to be holden upon the indorsement. These observations go to show that authorities cited and discussed by counsel upon the parol evidence rule and its exceptions, have no application, in view of the admitted truth of the answer. However, defendant places great reliance upon Dale v. Gear, 38 Conn. 15; Id. 39 Conn. 89, the doctrine of which was approved by this court in First Nat. Bank v. Nat. Marine Bank, 20 Minn. 49 (63). These cases deal with the exception to the parol evidence rule, holding that where the indorsement is pursuant to or a part of an antecedent contract between the parties to the action, exemption from liability may be shown. This is not such a case. The facts are admitted, and show no agreement which defendant can invoke. Although the bank had knowledge of all that occurred between Schendel and defendant prior to its acceptance of the notes indorsed by the latter, there is no pretense of any promise by the bank or even by Schendel for it that defendant should not be held to the bank upon his indorsement precisely as the law provides. Therefore the Connecticut cases have no application here.

In the instant case there is no agreement or promise on the part of the plaintiff in any manner modifying the right which the law gives the indorsee of a promissory note to hold the indorser. Under the most favorable view of the admitted facts, defendant must be considered to be an accommodation indorser and liable as such. Plaintiff paid full value for the notes. It was contemplated that it should do so, and defendant, as far as the record shows, indorsed the notes to plaintiff without any agreement with it affecting the contract of indorsement. Section 29 of the Negotiable Instruments Act (section 5841, G. S. 1913), provides that an accommodation party "is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument, knew him to be only an accommodation party."

Defendant complains because the court refused to make findings in respect to the admitted allegations of the answer. Since the requested findings would not defeat a recovery, no reversible error results from the court's action.

The writer, while concurring in the foregoing that plaintiff has not by active fraud induced defendant to make an unqualified indorsement nor by any contract with defendant modified his obligation as accommodation indorser, is of the opinion that under the admitted facts plaintiff should not recover. The admission is that plaintiff knew what Schendel knew. Its cashier drew all the instruments and inferentially had also full knowledge of the true situation between Schendel and defendant. With that knowledge the notes should have been negotiated without indorsement, or else indorsed "without recourse." The assignments of the mortgages securing the notes in terms transferred the notes. Plaintiff, knowing that defendant had been assured by its chief executive officers that in the use of his name he should incur no liability in the transaction, should be estopped from now enforcing it.

Speaking for the majority of the court the judgment must be affirmed.