### LAKE STREET STATE BANK OF MINNEAPOLIS v. C. C. HUNTER AND ANOTHER.[1]

January 28, 1927.

No. 25,807.

**Liability of accommodation parties under present statute.**

1. Under the negotiable instrument law accommodation parties are liable in the capacity in which they appear upon the instrument, whether as makers or as indorsers.

**Pledge of collateral note sufficient consideration for agreement to extend principal note.**

2. The pledge of a collateral note, being something to which the holder of the principal obligation was not entitled, is a sufficient consideration for an agreement to extend time of payment of the latter.

**What is not a promise to extend time of payment.**

3. The mere expression of a willingness to let a note run pending the collection of another note, there being no agreement to forbear collection until the other note is due or paid, does not constitute a promise to extend time of payment.

Bills and Notes, 8 C. J. p. 75 n. 12, 13, 14, 15; p. 426 n. 25; p. 427 n. 29; p. 430 n. 66; p. 436 n. 21.
Contracts, 13 C. J. p. 357 n. 82, 87.

[1]Reported in 212 N. W. 2.

Defendant Thomas appealed from an order of the municipal court of Minneapolis, White, J., denying his motion for a new trial. Affirmed.

*David R. Thomas,* for appellant.

*Walter H. Hennessey,* for respondent.

STONE, J.

Action on a promissory note against the maker and an accommodation indorser. After a trial without a jury and findings for plaintiff, the indorser, defendant Thomas, appeals from the order denying his motion for amended findings or a new trial.

The case seems to have proceeded a long way upon the erroneous theory that an indorser before delivery is liable as a comaker. That is no longer the law. Accommodation parties are now liable in the capacity in which they appear upon the instrument, whether as makers or indorsers. N. I. L. §§ 29, 192, (G. S. 1923, §§ 7072, 7236); G. Sommers & Co. v. Tintah Co-Op. Merc. Co. 155 Minn. 107, 192 N. W. 492; Vernon Center State Bank v. Mangelsen, 166 Minn. 472, 208 N. W. 186.

The defense of the indorser is that, without his consent, the time of payment had been extended by the payee. He invokes N. I. L. § 120, (G. S. 1923, § 7163). The defense is predicated upon a transaction which may be narrated briefly as follows: The maker, defendant Hunter, delivered to the payee another note which he held against one Farmer. According to his testimony, he delivered it for collection, unconditionally, with the intention that the proceeds should be applied upon plaintiff's note. In taking it plaintiff's representative said: "Let this note" (the one in. suit) "run," and when the Farmer note is paid: "We will give you credit." That is all the evidence there is to prove an extension of payment.

It was found below that plaintiff did agree, without the knowledge or consent of appellant, not to call upon defendant Hunter until "some future time" but that such agreement was without consideration. We cannot agree that there is no consideration. It is true that if, in return for a payment in money of less than the entire amount already due, plaintiff had agreed to extend the note, there

would have been no consideration because it was getting only what it was entitled to, a payment of money on its debt. But when it got the note of a third person it got something of value to which it was not entitled. Defendant Hunter thereby suffered a detriment and furnished a valuable consideration for plaintiff's promise, if any. 13 C. J. 357; Brooks v. White, 43 Metc. 283, 37 Am. Dec. 95; Reid v. Hibbard, 6 Wis. 173.

But the evidence does not show any definite and contractual undertaking to forbear collection of the note for any definite period. There was merely the expression of a willingness to let it run for the time being. It takes something more than that to make a contract of extension. We are therefore of the opinion that the decision below reached the correct result.

Affirmed.