## TRAUB & MANTZ MORTGAGE CORPORATION v. WILLIAM G. SCHREIBER AND ANOTHER.[1]

November 25, 1927.

No. 26,226.

**When holder of accommodation note who knows it is accommodation paper can recover on it against the maker.**

1. The payee of a negotiable promissory note given for the accommodation of a third party, who pays the full consideration therefor direct to such third party and knows that it is accommodation paper, is a holder for value and entitled to recover thereon against the maker.

**Unpleaded and unlitigated affirmative defenses not considered on appeal.**

2. Affirmative defenses not pleaded and not litigated by consent cannot be here considered.

**No abuse of discretion on part of trial court.**

3. The trial court did not abuse its discretion in denying the motion for leave to amend the answer so as to set up a defense of usury.

Appeal and Error, 3 C. J. p. 696 n. 61; p. 727 n. 98.
Bills and Notes, 8 C. J. p. 260 n. 51; p. 261 n. 53; p. 263 n. 66, 67.
Pleading, 31 Cyc. p. 368 n. 9.
Usury, 39 Cyc. p. 1048 n. 17.

See 3 R. C. L. 1137; 1 R. C. L. Supp. 998.

Defendants appealed from an order of the district court for Hennepin county, Nordbye, J. denying their alternative motion for judgment or a new trial. Affirmed.

*Ludwig O. Solem,* for appellants.

*Steuart & McCaughan,* for respondent.

OLSEN, C.

Plaintiff recovered a verdict, directed by the court, upon three promissory notes. Defendants moved for a directed verdict at the

[1] Reported in 216 N. W. 314.

close of the evidence and, after verdict, moved for judgment notwithstanding the verdict or, if that be denied, then for a new trial. Defendants appeal from the order denying such alternative motion.

Defendants' answer is a general denial and, in addition thereto, it is alleged that, if they executed the notes, the same were given without any consideration therefor.

The facts appear substantially as follows:

The plaintiff, Traub & Mantz Mortgage Corporation, and Traub Brothers & Company were two corporations doing business at Minneapolis in this state. Plaintiff corporation was engaged in the business of taking and dealing in real estate mortgages, including the notes and obligations secured thereby. Traub Brothers & Company was engaged in the real estate business. The two corporations occupied the same suite of offices, with a common reception room and separate private offices leading therefrom. Charles A. Mantz is the president of plaintiff and has been one of its officers since 1917. William C. Traub was an officer of Traub Brothers & Company and active in its business. He was also a stockholder and at one time, just when does not appear, an officer of plaintiff corporation. The two companies did considerable business with each other. The inference is that their relations were close.

Traub Brothers & Company had 280 acres of land in Todd county in this state which it desired to sell. It was apparently considered that the land could be more readily sold, or sold to better advantage, if mortgages were placed thereon, so that the purchaser could buy with less money by assuming the mortgages. Traub Brothers & Company did not itself wish to appear as or assume liability as mortgagor. Defendant William G. Schreiber, hereinafter referred to as the defendant, was in the printing business in Minneapolis. These corporations were his customers and he was a friend of William C. Traub. On or about August 19, 1919, defendant came to the office of these corporations; was called there by William C. Traub. Traub said to defendant:

"We have this land here, and having our signatures on a whole lot of other papers, we would like to have your signature on here.

\* \* \* I'll guarantee you that there never will be any trouble of any kind. \* \* \* I'll take care of that all right. \* \* \* You know by signing your name on there, why, we can readily sell that piece of land."

He also said "it was for the benefit of Traub Bros. Land Company, or Traub Bros. & Company, and also of Traub & Mantz Mortgage Corporation." Defendant made some remark about its being risky but consented under the assurance given, took the papers then presented to him to his home, and he and his wife signed them and returned them to William C. Traub.

Defendant testified that Charles A. Mantz, plaintiff's president, was in the office at the time of these negotiations, "was in the office there when I called, he was in his own office." Mantz himself testified that "I presume I was" present when the mortgages were made.

The papers so signed by defendant and his wife were three real estate mortgages upon the land before mentioned, each mortgage upon a separate portion thereof, and three principal notes, with coupon notes attached to each, one set of notes accompanying and being secured by each mortgage. The mortgages and principal notes were payable to Traub & Mantz Mortgage Corporation; the interest coupons were payable to bearer. It is upon three of these interest coupons, one accompanying each mortgage and all due November 1, 1922, that this action is brought. Among the papers signed was a deed reconveying the land to Traub Brothers & Company. The papers were all signed at the same time. The title to the land at the time was in one Dettler. Someone, whether plaintiff or Traub Brothers & Company does not appear, caused a deed to be given by Dettler to defendant, so as to show title in him at the time the mortgages were given. This deed was recorded September 5, 1919, and the deed from defendant to Traub Brothers & Company recorded October 17, 1919. Defendant had nothing to do with any of these instruments, except to sign the ones presented to him on August 19, 1919. The plaintiff paid the consideration for the notes and mortgages direct to Traub Brothers & Company,

without any direction or request from defendant. It paid nothing to defendant. Plaintiff thereafter, and long before this action was commenced, sold, assigned and transferred all the notes and mortgages to other parties. One of the assignments is in evidence and is in the usual form, assigning the mortgage and "all moneys secured thereby." One mortgage has been foreclosed and the land sold for the full amount claimed due. One of plaintiff's witnesses testified that the notes sued upon were repurchased by the plaintiff after the transfers thereof to these other parties. There is no contrary evidence.

The answer is limited to a denial of the making of the notes, a denial of plaintiff's ownership thereof, and a defense of want of consideration. Nonpayment is admitted. The signing of the notes was admitted by defendants on the trial; the ownership of the notes established by the presentation thereof and uncontradicted testimony. The notes were accommodation notes and known to be such by the plaintiff, but it paid full value for them in the first instance and is a holder for value and entitled to recover under the negotiable instruments act, G. S. 1923, § 7072.

1. It is not a defense to accommodation paper in the hands of a holder for value, even if he is the payee therein, that the accommodating party, the makers in this case, received no consideration therefor. It is accommodation paper because they loaned their name, their credit, to the party accommodated. And the fact that the holder knows when he takes it that it is accommodation paper and pays the consideration therefor to the party accommodated is not a defense. The defense of want of consideration is only available against the party accommodated. 8 C. J. 263, § 412, and cases cited.

The recent decisions in this state upon the questions of the rights and liabilities of the parties to and holders of accommodation paper are found in First Nat. Bank v. Malmquist, 158 Minn. 140, 197 N. W. 271; Farmers & Mer. State Bank v. Olson, 161 Minn. 310, 201 N. W. 440; Vernon Center State Bank v. Mangelsen, 166 Minn. 472, 208 N. W. 186, 48 A. L. R. 710; Grisim v. Live Stock State Bank, 167 Minn. 93, 208 N. W. 805; Lake Street State Bank v. Hunter,

170 Minn. 128, 212 N. W. 2. The case of Farmers & Mer. State Bank v. Olson, 161 Minn. 310, 201 N. W. 440, is specially applicable here.

2. The evidence suggests that there may be one or more defenses, but, if so, they are affirmative defenses which must be pleaded. It cannot be held that these matters were litigated by consent, for the evidence was objected to and counsel failed to inform the court of any defense not pleaded except his claim that usury should be alleged. We are not permitted to change the issues presented or amend the pleadings here.

3. The trial court did not abuse its discretion in denying defendants' motion to amend the answer so as to set up a defense of usury.

The other assignments of error have been considered and found not to require further discussion.

Affirmed.