## FENNO v. SCHULENBERG.

Circuit Court of Appeals, Eighth Circuit.
April 20, 1929.

No. 8280.

Francis Murphy, of Fargo, N. D. (Eugene F. Coyne, of La Moure, N. D., and W. H. Shure, of Fargo, N. D., on the brief), for appellant.

John Knauf, of Jamestown, N. D. (Arthur L. Knauf, of Jamestown, N. D., on the brief), for appellee.

Before STONE, LEWIS, and COTTERAL, Circuit Judges.

LEWIS, Circuit Judge. Appellee as receiver of the Farmers' National Bank of La Moure, N. D., brought this action against appellant on a $3,500 note. The note bears date November 1, 1924, and was the last of a series of renewal notes given to the bank by Fenno, the original being given in the spring of 1920 for a like amount. The facts relevant to the giving of the original note and its renewals are these: In April or May, 1920, one Long was indebted to the bank, and a part of that indebtedness was evidenced by Long's note for $2,500. He wished to borrow additional money from the bank, but a further extension of credit to him would exceed the amount which the bank was permitted to loan him. The bank desired to accommodate Long, and in order to do so it sold

Long's $2,500 note, which it held, to Fenno. At the same time it sold another note to Fenno. At the time of this transaction Fenno told Hunt, the cashier of the bank, that he might go into business and would need money. Hunt replied that if he did the bank would take back the Long note, but the record fails to show that the bank, by endorsement or otherwise, was legally bound to do so. Some months later Fenno went into the mercantile business and asked the bank to take back the $2,500 Long note. He was informed that Long's indebtedness to the bank at that time had reached the legal limit, that it could not take Long's note from Fenno but that it would loan Fenno what funds he needed and take his notes therefor. It did make loans to Fenno on several occasions and took his notes. In December, 1920, Long made a settlement with the bank. After paying what he could on his indebtedness it was found that he owed $9,500, including therein the $2,500 note which the bank had sold to Fenno. The limit on the indebtedness of one person to the bank was $6,000. Long's indebtedness to the bank was therefore $1,000 in excess of the limit, without including the $2,500 note in the hands of Fenno, and with that the excess would be $3,500. This arrangement was thereupon made with Fenno: He turned the $2,500 Long note back to the bank, the amounts of the several notes which he had given to the bank for money borrowed were deducted from the amount of the $2,500 Long note, with interest, leaving a balance in Fenno's favor of $445.54, for which he was given credit in the bank, and Fenno gave his note for $3,500 payable to the bank for the excess over the limit of Long's indebtedness, and the bank entered on its books as bills receivable two notes given by Long, one for $4,000 and one for $2,000, and the note of Fenno for $3,500. In describing this transaction Fenno testified:

"Q. Will you state to the court and jury how you came to give the $3,500.00 note to the bank in 1920, as you recall it? A. Well, I gave it at the request of Mr. Hunt when I had this $2,500.00 note that I had bought and I wanted to cash it in and so he asked me to sign up this $3,500.00 note so that he could let me have the credit of the $2,500.00 note.

"Q. State it as you recall it. A. Why, of course, I bought this $2,500.00 note and I had agreed with Mr. Hunt to have him let me have the money back or credit for it on notes which we, myself and brother, had gotten there, why, he wanted me to sign this before I could do this.

"Q. By 'this' you mean the $3,500.00 note? A. Yes, what he wanted me to do was to sign the $3,500.00 excessive note so he could give me credit for this $2,500.00.

"Q. Didn't he tell you that Long had an excess debt in the bank? A. I think he did tell me that.

"Q. And that he wanted this $3,500.00 to take the place of the Long excess loan or debt, didn't he tell you that? A. Well, I think probably he did.

"Q. And he had you sign that $3,500.00 note before he took up the old $2,500.00 note, is that right? A. Well, it was the same evening, I think.

"Q. The same time? A. Yes, sir."

Mr. Hunt's description of the transaction is the same as that of Mr. Fenno. He testified that he took Fenno's $3,500 note as an asset of the bank. At the same time he took a note from Long to the bank for $3,500, but that note was not entered on the books of the bank or carried as an asset. He placed that note with the Fenno note as collateral to it, but it is not certain from the record whether Fenno knew or understood that part of the transaction. There is no conflict in the proof and there can be no doubt that the facts are as they have been stated. The court directed a verdict in favor of appellee.

The defense pleaded in the answer is, that the note sued on was given solely for the accommodation of the bank and there was no consideration to Fenno. That is appellant's contention here. The giving of the $3,500 note to the bank by Fenno was an accommodation, but we think it plain the accommodated party was Long and not the bank. It was Long's debt, and it was to him that Fenno made a loan of his credit, and in this way procured credit at the bank for Long's indebtedness. As held in Rea v. McDonald, 68 Minn. 187, 71 N. W. 11, it is always a question of fact, to whom did the maker of the paper loan his credit; and the defense is only available as against the party accommodated, the one to whom the credit is loaned. Also in Neal v. Wilson, 213 Mass. 336, 100 N. E. 544, it was held that where an accommodation check was given at the request of a bank to cover the overdraft of another depositor, the accommodated party was the depositor who had overdrawn his account. A like conclusion was reached on facts much like those in hand in Skagit State Bank v. Moody, 86 Wash. 286, 150 P. 425, L. R. A. 1916A, 1215.

There is no claim of fraud or deception in the case. All facts connected with the transaction were fully known to Fenno, and the knowledge of the bank of the character of · the transaction can be no defense. Greenway v. William D. Orthwein Grain Co. (C. C. A.) 85 F. 536; 8 C. J., Bills and Notes, §§ 410, 421. We think the facts in this case do not bring it within the rule announced in this Circuit, found in Yates Center National Bank v. Schaede, 240 F. 240, 241, on which appellee relies.

█ Moreover, there was consideration to Fenno for his giving the $3,500 note. It seems reasonably certain that the bank would not have taken up the $2,500 note of Long held by Fenno and included in the settlement with Long if Fenno had not agreed to give and had not given to the bank the $3,500 note of which the note sued on is a renewal.

Judgment affirmed.