Robertson, Ch. J.
The notes in suit in this case having been passed away by the person for whose accommodation they were indorsed by the defendant (Myers) after they became due, in satisfaction of a debt due by such person to the plaintiff, by a memorandum above the defendant's name, the protest of such notes was waived, which includes a waiver of demand also, (Coddington v. Davis, 1 N. Y. Rep. 186;) and his undertaking, instead of being conditional, became thereby absolute as if he were a joint maker. It is claimed on behalf of the defendant, that by implication of law the use of such notes by Myers was limited to the time such notes had to run.
There is no doubt that any one taking a negotiable obligatory instrument past due, or for a precedent debt, takes it subject to all equities or defenses, as between the original parties, except that of the want of a.consideration, if that be one. A promissory note made by one person and delivered to another, to be negotiated by the latter, without any limitation as to time or purpose, is equivalent to a general authority from the maker to bind him to pay according to the terms of such note the amount specified therein, to any person to whom the party for whose accommodation it is made, may deliver it, for a valuable consideration. The legal effect of taking it when *283 past due is precisely similar to that of incorporating in the body of the note the terms and conditions of the original understanding of the parties as to its use, and no more. And if, in this case, by operation of law or the express agreement of the parties outside of such notes, they were not to be passed away after becoming due, such limitation of their use would be available as a defense, to the defendant.
Notes or bills of exchange past due, may be passed away so as to bind accommodation makers of the one or acceptors of the other; otherwise the books would not be so full of decisions as to the effect of taking notes past due from an accommodation holder. The fact that the indorser appears to be a surety, can only affect any indulgence to or discharge of the maker. The law may imply the condition of a reasonable time in the negotiation of a note, yet not necessarily restrict such time to that before its maturity.
In this case, as I have said, the waiver of the demand and notice left the defendant absolutely liable for the payment of the note, as much as though he had been a joint and several maker by writing his name under the maker’s, with the word “surety” subjoined. And his liability must be determined upon the same principle as if he were such accommodation joint maker of a note. A note past due may be negotiated, and is more valuable than one not due, because it draws interest from its maturity. A party who lends his note without limitation as to the time of its use, cannot therefore be presumed in law to have limited such time to that before its maturity. He might even have post dated the note when he delivered it. Any presumption, arising from the form of the obligation, when a party is indorser and thus may be supposed to limit its use to the period before maturity, because his contract is conditional, fails when he makes his contract absolute, by waiving demand.
This court held, when this case was formerly before it, that without reference to the waiver of demand and notice, the defendant was liable : possibly considering that the delivery of the indorsement without any restriction as to the time and *284 mode of its use was a waiver of such demand and notice. The cases there cited as authority for that decision, Sturtevant v. Ford, (4 Man. & Gr. 101,) and Carruthers v. West, (11 Q. B. R. 143,) were full on this point; and to these may be added the earlier case of Charles v. Marsden, (1 Taunt. 224.) Cases in which a note 'has been once passed away and paid, functus officio, are not applicable to one where the accommodation paper has not' received any vitality or * performed any office by being used as was intended. (See Parr v. Jewell, 16 Com. Bench, 7 J. Scott, 684. E. C. L. R. 81.) I have not been able to find any subsequent cases which intimate dissatisfaction with the doctrine established in those earlier cases ; on the contrary, subsequent cases, by making distinctions, seem tacitly to approve them.
In any event there are no such clear and convincing proofs of haste or error in the former decision of this court as to induce a departure from its deliberate judgment. The judgment must be affirmed, with costs.