## FREDERICK G. WAITE
### v.
## ABRAHAM KALURISKY.

*Accommodation Paper—Want of Consideration—Erroneous Instruction.*

1.   The maker of an accommodation note, delivered to the payee to be discounted for his benefit, can not set up want of consideration as a defense against a holder for value.

2.   A judgment, based upon a verdict which from anything that appears may have been reached by the jury because of an erroneous instruction, will be reversed.

[Opinion filed February 2, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Statement by MORAN, J.   This was an action by appellant to recover against appellee upon a note made by appellee to the order of Graff, Abrahamson & Co.   The note was indorsed by Graff, Abrahamson & Co. and by Kraus & Mayer. It was shown by the evidence that the note was sued in the name of appellant, who was a clerk in the law office of Kraus & Mayer, but that the note in fact belonged to one Moses Harris, and was put in suit by his attorneys, Kraus & Mayer, and was to be collected for his benefit.

The defense was that the defendant gave the note to Graff, Abrahamson & Co., as an accommodation note to be discounted by them at the First National Bank; that Harris was present and induced appellee to give the note, he agreeing to protect it and pay it at maturity. Harris claimed that he paid full value for the note. The verdict and judgment were for appellee, and the record is brought to this court by appeal.

Messrs. Frank J. Smith and Frank A. Helmer, for appellant.

Mr. George H. Kettelle, for appellee.

Moran, J. On the trial the court gave to the jury the following, among other instructions :

" If the jury believes from the evidence in this case, that the plaintiff was not the legal owner and holder of the note sued upon, and that Moses Harris is the legal owner and holder of the same and had said note sued upon in the name of said plaintiff, and that Graff, Abrahamson & Co., the payees of said note, obtained said note of the defendant as an accommodation note and without consideration, and that said note was assigned to said Moses Harris by said Graff, Abrahamson & Co. with notice and knowledge at the time of such assignment, on the part of said Moses Harris, of the fact that said note was executed and delivered to said Graff, Abrahamson & Co. without consideration, then said Moses Harris took said note subject to the same defense as the defendant could make against the original payees, Graff, Abrahamson & Co., and the plaintiff can not recover in this case, and the jury should find for the defendant."

One who makes an accommodation note and delivers it to the payee to have it discounted for the payee's benefit, can not defend against a holder for value, on the ground that no consideration passed between the maker and the payee of the note. The liability of the maker of an accommodation promissory note is the same as that of an accommodation acceptor of a bill of exchange.

If the holder of an accommodation note, who receives it from

the payee for value, could be defeated in a suit against the maker on the ground that he knew when he took it that it was accommodation paper, the use and purpose of such paper as understood and acted upon in the commercial world, would be wholly destroyed.

" The very purpose of making accommodation paper is, that the party favored may dispose of it, and unless restricted he may transfer it either before or after maturity, and the maker will be equally bound. The only safe rule is, that where a bill or note is given with no restriction as to the mode or time of using it by the party accommodated, and the same has been transferred in good faith in the usual course of business, the holder, if he paid a valuable consideration for it, will be entitled to recover the full amount, although he may have had full knowledge it was accommodation paper." Miller v. Larned, 103 Ill. 562.

It was established by the evidence that the note was accommodation paper, and there was evidence strongly tending to show that Harris knew that it was such, but there was also evidence tending to show that he took it from the payees for value, discounting it with other paper. Appellant was entitled to have the law given to the jury correctly on the hypothesis supposed in the instruction. If, as appellee contends, Harris induced the giving of the note and agreed to protect it, he could have had the jury correctly instructed on that theory. Undoubtedly, if such was the fact, appellant would not be entitled to recover. But a verdict, which for anything we can see, may have been reached by the jury on the theory of fact supposed in an instruction where the law is erroneously given, can not stand. For the error in giving the instruction above set out, the judgment must be reversed and the case remanded.

*Reversed and remanded.*