HENRY G. DAWSON AND WILLIAM R. DAWSON
v.
DANIEL H. TOLMAN.

*Negotiable Instruments—Note—Accommodation Paper—Consideration.*

1.    Money paid out in the negotiation of commercial paper is a sufficient
consideration to bind all those who have already signed.

2.    In an action brought by the indorsee of a promissory note to recover
thereon, this court holds that the special pleas filed by the defendants touch-
ing its alleged lack of consideration were bad, and declines to interfere
with the judgment for the plaintiff.

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon.
ARBA N. WATERMAN, Judge, presiding.

Messrs. CAMERON & HUGHES, for appellants.

Mr. FRANK F. DOUGLASS, for appellee.

Accommodation paper is defined to be either a negotiable
or non-negotiable bill or note made by a party who puts his
name thereto without consideration, with the intention of
lending his credit to the party accommodated.    Miller et al.
v. Larned et al., 103 Ill. pages 569 and 570.

It is not necessary that accommodation paper should have any consideration to support it. 1 Parsons on Notes and Bills, 184; Miller et al. v. Larned et al., 103 Ill. 569.

Marshall, C. J., in delivering the opinion of the court in Violett v. Patton, 5 Cranch, page 143, said:

" To constitute a consideration it is not absolutely necessary that a benefit should accrue to the person making the promise. It is sufficient that something valuable flows from the person to whom it is made, and that the promise is the inducement to the transaction. In a common case of a letter of credit given by A to B, the person who, on the faith of that letter, trusts B, is admitted to have his remedy against A, although no benefit accrued to A, as the consideration of his promise."

The principle is a general one, that a person making or indorsing a note, or becoming liable in any way on negotiable paper for the benefit of another person, is liable to a third person, even with notice of want of consideration. 2 Parsons on Notes and Bills, page 27.

It is further said that in the case of accommodation paper, the indorsee takes more rights than the indorser. A note to accommodate the payee can not be sued by the payee because no consideration passes; but he may be sued by the payee's indorsee even with notice of the absence of consideration, because the note was made for accommodation.

The liability of the maker of an accommodation promissory note is the same as that of an accommodation acceptor of a bill of exchange. Waite v. Kalurisky, 22 Ill. App. 383.

Garnett, J. This was a suit on a promissory note made by appellants to the order of Albert A. Riley, and indorsed by Riley to appellee. Appellants pleaded the general issue and two special pleas. The general issue was withdrawn. The first special plea was that Riley obtained the note from defendants as an accommodation note; that they executed and delivered it to Riley without receiving therefor any money, goods or other thing of value, and that they were not then in any way indebted to Riley, and that the plaintiff had notice,

when the note was indorsed to him, that the same was made by defendants without any good or valuable consideration.

The second special plea was that defendants received no money, goods or other things of value for signing the note, either directly or indirectly; that they were not indebted to Riley; that no consideration was given to them, or to any other person for their account, for signing the same; that no consideration or thing of value was paid or given by Riley, or by any other person on his account, for the signing of the note, of all of which plaintiff, at the time of the indorsement to him, had notice; and *so* the defendants say that said note was made without any good and valuable consideration. A demurrer to both special pleas was sustained, and the plaintiff had judgment.

The liability of defendants is not affected by the plaintiff's knowledge that the instrument was accommodation paper, for money paid out in negotiation of paper is a sufficient consideration to bind all those who have already signed. Tiedeman on Commercial Paper, Sec. 158; Best v. Nokomis Nat. Bk., 76 Ill. 608; Waite v. Kalurisky, 22 Ill. App. 382. The second special plea does not aver that the note was *without consideration,* but proceeds to enumerate certain considerations which were not given for the note, concluding with the averment, " and *so* the defendants say," etc., which means "and *therefore* the defendants say that as the considerations enumerated were not given there was no consideration," which is manifestly a *non sequitur*, as the note may have been an accommodation note and plaintiffs may have paid value for it, and still all the averments in the plea may be true.

Both special pleas were bad, and the judgment is affirmed.

*Judgment affirmed.*