### Otto Naef et al. v. Frances E. Potter.

#### Gen. No. 12,388.

1. FINDING OF FACT—*when will not be disturbed.* When the finding of the master upon questions of fact has been approved by the chancellor, unless it can be said from an examination of the record that the weight of the evidence is clearly and manifestly against the finding, it will not be disturbed on review.

2. COLLATERAL—*when power to collect, appears.* Where collateral is loaned in order that it may be used for the purpose of borrowing money, the person receiving such collateral has like power to collect the same as though the borrowing had been done by the owner of such collateral.

3. ACCOMMODATION PAPER—*consideration not essential to support.* A consideration passing from the original payee to the maker of accommodation paper is not necessary to its validity, it being considered that the maker of such paper by his signature holds himself out to the public to be bound to every person who shall take the paper for value the same as if it was paid to himself. The fact that the holder of accommodation paper knew when he took it that it was accommodation paper, will not affect his right to a recovery thereon, and if there be restrictions as to its use, notice of such restriction must be brought home to the person who receives the same for value in order that he may be bound by the sale.

4. ACCOMMODATION PAPER—*inquiry as to restrictions of use not required.* One who receives the pledge of collateral security is not bound to inquire as to any restrictions which may have been placed upon its use.

Bill for accounting. Appeal from the Circuit Court of Cook County; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed May 21, 1906.

**Statement by the Court.** Appellee filed a bill in the Circuit Court praying for an accounting as to the amount due upon a note for $2,200, executed by Charles Rascher, to his own order and by him indorsed, dated August 4, 1900, payable three years after date, with interest at the rate of six and one-half per cent. per annum.

Attached to the note, and of the same date, is a power of attorney executed by said Rascher running to Charles E. Anthony, authorizing him or any attorney of any court of record to confess a judgment on said note in favor of John Smejkal or his assigns. This instrument is indorsed, " Without recourse. John Smejkal."

Also attached to said note and of the same date, is a collateral agreement, executed by said Rascher, acknowledging his indebtedness on said $2,200 note to John Smejkal, and that he had deposited with said Smejkal as security for the payment thereof as collateral a note for $6,500, dated June 5, 1897, signed by Otto Naef and secured by trust deed executed by said Naef and his wife to Fred Whitfield, conveying certain property therein described. This instrument is indorsed, " Without recourse, John Smejkal." Complainant alleges the delivery of said $2,200 note to her by said Rascher the day of its date; that the note has never been paid, and there is due upon it the sum of $2,200 with interest from August 4, 1903. The bill then recites the giving of the collateral agreement, that Smejkal was but a nominal party and he at once indorsed said collateral agreement, and this agreement with the $6,500 note and trust deed were delivered to complainant and have ever since been held by her as collateral for the $2,200 note; that Charles Rascher died November 8, 1900, leaving a widow and two minor children. The bill then alleges that Otto Naef being indebted to said Charles Rascher in the sum of $6,500, on June 5, 1897, executed and delivered said $6,500 note to Rascher and secured the payment of the same by said trust deed to Whitfield; that September 25, 1899, $400 was paid upon the principal of this note, and a

part of the property described in the trust deed was released from the lien thereof.

The bill makes Otto Naef and Sophia Naef, his wife, the widow and children of Charles Rascher, deceased, Fred Kurtz, guardian of the children and administrator of the Rascher estate, Anna Rascher and W. R. Wieboldt, trustees under the will of Charles Rascher, parties defendant; and prays that the amount due upon the $2,200 note with costs and expenses be ascertained; that Otto Naef be decreed to pay whatever sum shall be found due by a short day to be fixed by the court; and in default of such payment the premises described in the trust deed be sold, etc.

The joint and several answers of Anna Rascher, Fred Kurtz, administrator of Charles Rascher, deceased, Anna Rascher and W. R. Wieboldt, trustees under the will of said Rascher, deceased, and Fred Whitfield, trustee, admitted the allegations of the bill and asked no relief. The answer of Sophia Naef admitted the execution of the trust deed, and denied all other allegations of the bill. The answer of Otto Naef called for proof as to the allegations of the bill in regard to the $2,200 note; admitted the execution and delivery of the $6,500 note and the trust deed, but denied that he was then indebted to Charles Rascher in any sum whatever; it alleges that for many years prior to June 5, 1897, Naef and Rascher were intimate friends and were associated in many business transactions; that shortly prior to June 5, 1897, Rascher came to Naef and stated that he had a large note about to become due, which he could not extend, and he had applied to the American Exchange National Bank for a loan of $3,500, with which to take up that note, but the bank required collateral which he, Rascher, did not have, and he asked Naef to help him; that after discussion it was agreed between them that Naef should execute the $6,500 note and deed of trust and deliver the same to Rascher, who should deposit them with said bank as collateral security for his, Rascher's, personal note for $3,500; that Naef told Rascher that said $6,500 note and deed of trust were to be used by Rascher as collateral

security solely at said bank and for said loan of $3,500, and at no other bank and with no other person whatsoever, and for no other loan whatsoever; to which said Rascher agreed, and in consideration thereof Naef executed and delivered to said Rascher said $6,500 note and deed of trust; that Rascher agreed to pay the interest upon said $6,500 note, and also that he, Rascher, would pay his $3,500 note, receive from the bank and immediately hand said $6,500 note to Naef, and would cause the trustee to release said trust deed; that accordingly Rascher made his note for $3,500 and deposited it in said bank with Naef's $6,500 note and deed of trust as collateral thereto; that Rascher paid the interest on said $6,500 note and received the cancelled coupons; that August 4, 1900, Rascher having theretofore paid his $3,500 note down to $2,000, paid the remainder thereof, and said bank cancelled said $3,500 note and handed it with the $6,500 note and trust deed to Rascher; and then Naef became and was entitled to the delivery to him of his $6,500 note, the said trust deed, and a release thereof by the trustee; yet, nevertheless, Rascher wrongfully and in violation of said agreement did not return them to Naef, nor did he obtain a release of said deed of trust, but August 4, 1900, long after said $6,500 note came due, delivered the same to appellee as collateral security for a sum of money borrowed from her by said Rascher; and this without the knowledge or consent of Naef; and that Naef did not know until after the death of Rascher in November, 1900, that Rascher had paid his note to said bank, had received said $6,500 note and deed of trust, and had delivered the same to appellee, and that appellee had notice of all these things before she received said $6,500 note and deed of trust; and that the payment of $400 of the principal of said $6,500 note made by Naef was involuntary, as he was under contract to convey the property released from said trust deed, and in order to enable him to carry out his contract was compelled to pay said sum of $400 to obtain such release.    Defendant Naef denies that he is indebted to ap-

pellee in any sum or that she is entitled to any relief against him.

Rascher died in November, 1900. Naef alleges in his answer that he did not know "until long after the death of said Rascher" that the $6,500 note and trust deed had been delivered to Potter, but how long after such death he knew that fact is not stated. The estate of Rascher was admitted to probate December 12, 1900, and the adminis- trator was discharged October 3, 1903. The $6,500 note and trust deed were not inventoried as a part of said estate, nor was any claim filed or suit brought against that estate upon the $2,200 note. The estate was solvent, the balance for distribution being $3,736.84.

The cause was put at issue and then referred to a master to take proofs and report the same with his opinion on the law and the evidence.

December 6, 1904, the master made his report, finding that the material allegations of the complainant in the bill of complaint are supported by the proofs, that the defense interposed by defendant Otto Naef is not proved, and that there is due upon said note of $2,200 in principal, interest, expenses and solicitor's fee the sum of $2,708, and recom- mends that the prayer of the bill of complaint be granted.

The objections of Otto Naef and wife to the master's report were ordered to stand as exceptions.

February 11, 1905, a decree was entered which overruled said exceptions and approved said master's report; and found that Otto Naef executed and delivered the $6,500 note and trust deed to Rascher, and that Rascher delivered and pledged the same note and trust deed to appellee to secure the payment to her of said $2,200 note, and she has a just and valid lien upon said $6,500 note and trust deed; that there is due on said $2,200 note the sum of $2,708, with interest on $2,408 from November 4, 1904, at five per cent.; and that in default of the payment of said sum within five days, the premises be sold by the master to produce said amount, etc.

Thereupon the appellants prayed for and perfected this appeal.

GEORGE W. PLUMMER and WHARTON PLUMMER, for appellants.

JOSEPH B. LEAKE, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

It appears from the evidence that appellee through her agent, William S. Potwin, made a loan of $2,200, represented by the principal note in this case, to Charles Rascher about the time of the date of the note, and that the $6,500 note signed by Otto Naef and secured to be paid by a trust deed from Naef and his wife to Fred Whitfield, trustee, were then taken as collateral security. That at the time she made this loan upon the faith of the collaterals appellee did not know that the $6,500 note was accommodation paper, or that its use was in any way restricted.

Otto Naef in his answer admits that Rascher August 4, 1900, delivered said $6,500 note to appellee "as collateral security for a sum of money borrowed by said Rascher from said Potter"; but charges that said delivery was wrongful and was made long after said $6,500 note had matured.

It follows that the decree ordering the sale of the premises described in the deed of trust to Whitfield is right, unless the special defense set up in the answer of Naef to said bill is controlling.

The master saw and heard the witnesses. His means of determining where the truth lay are necessarily much superior to ours, seeing as we do but the printed page. When the finding of the master upon questions of fact has been approved by the chancellor, unless we can say from an examination of the record that the weight of the evidence is clearly and manifestly against the finding, we cannot disturb it. Williams v. Lindblom, 163 Ill. 350; Burgett v. Osborne, 172 Ill. 227; Siegel v. Andrews & Co., 181 Ill. 356; Mayrand v. Mayrand, 194 Ill. 45, and cases

cited. We have made a careful examination of the record, and are not convinced that the master, when he found that the defense interposed by Otto Naef was not proved, decided against the clear weight of the evidence.

It was the intention of Otto Naef when he gave the $6,500 note and trust deed to Rascher to furnish to Rascher collaterals which would enable him to get a loan of $3,500 from the American Exchange National Bank; and he must be held to have agreed that if Rascher did not pay said sum of $3,500 in full when due, the bank should have the power, if necessary, to foreclose the trust deed in order to make itself good. The bank then had the same right to this collateral paper it would have had, had it paid the $3,500 to Naef.

When Rascher's note came due it was unpaid to the extent of $2,200. The bank would not extend the paper. He could not pay this remainder without borrowing. To get the money he executed the principal note in suit, and by a tender of the collateral induced appellee to advance $2,189.27 cash upon it. The transaction was closed in this way: Rascher and the agent of appellee went to the bank, and the money of appellee was there paid to Rascher and by him to the bank, and then the bank cancelled the $3,500 note and handed the collateral note and trust deed to Rascher, who turned them over to the agent of appellee. Thus Rascher's indebtedness remained unpaid, although the evidence of it was changed. The debt thereafter due to appellee was the same debt theretofore due to the bank. The transaction was a continuing one, and in our opinion the collateral in the hands of appellee remained still subject to the extinguishment of the Rascher debt. Jackson v. First Nat'l Bk., 42 N. J. L. 177.

Naef is asked in this suit to do no more than he agreed to do, i. e., to pay whatever part of the Rascher $3,500 note the maker thereof neglected and refused to pay. Dawson v. Goodyear, 43 Conn. 548.

A consideration passing from the original payee to the maker of accommodation paper is not necessary to its

validity, it being considered that the maker of such paper by his signature holds himself out to the public to be bound to every person who shall take the paper for value the same as if it was paid to himself. 1 Daniels' Neg. Insts., sec. 726; Waite v. Kalurisky, 22 Ill. App. 382; Yeomans v. Lane, 101 Ill. App. 227; Greenway v. Orthwein Grain Co., 85 Fed. 536; Swift v. Tyson, 16 Peters, 1; Railroad v. Nat'l Bk., 102 U. S. 14.

The fact that the holder of accommodation paper knew when he took it that it was accommodation paper, will not affect his right to a recovery thereon. To hold the contrary would defeat the use and purpose of such paper as understood and acted upon in the commercial world. Metcalf v. Draper, 98 Ill. App. 409; Hodges v. Nash, 141 Ill. 394.

Notice of the restriction placed upon the use of this collateral paper was not brought home to appellee. The evidence is clear that she took it in good faith for value without knowledge that it was accommodation paper, the use of which was limited by Rascher to its deposit with the bank. Under these circumstances appellee took the collateral free from the equities, if any, existing between Rascher and Naef, although when she received the paper it was past due. Miller v. Larned, 103 Ill. 579, 580; 1 Daniels' Neg. Insts., sec. 726; Sturtevant v. Ford, 4 Manning & Granger, 101; Brown v. Mott, 7 John. 361; Redfield v. Bigelow's L. Cas. 217; Harrington v. Dow, 3 Rob. 275; Bowman v. Van Kuren, 29 Wis. 209, 216; Schneider v. Lebanon D. & C. Co., 73 Ill. App. 617.

The fact that this $6,500 note was secured by a trust deed did not affect its negotiability nor require the person taking it as collateral security to make inquiry as to whether the statement concerning the security was true. Olds v. Cummings, 31 Ill. 188; Biegler v. M. L. & T. Co., 62 Ill. App. 560; Howry v. Eppinger, 34 Mich. 29; Metcalf v. Draper, 98 Ill. App. 406; Buehler v. McCormick, 169 Ill. 269.

The rule laid down in Olds v. Cummings, 31 Ill. 188, and

many times restated by our courts, is not here in point. That case is based upon the older and superior equities existing in the original mortgagor over those possessed by the assignee of the notes thus secured.    But in the very nature of accommodation paper such older and superior equities do not belong to the original mortgagor.    " To allow equities existing between the original parties to accommodation paper secured by mortgage to prevail over the equities of the assignee of the note, would be to carry the doctrine of Olds v. Cummings to such an unreasonable extent as would ensnare honest dealers in such securities."    Miller v. Larned, 103 Ill. 580.

In accordance with these views we affirm the decree of the Circuit Court.

*Affirmed.*