## CARR et al. v. WICHITA STATE BANK & TRUST CO.

No. 16550—Opinion Filed April 20, 1926.

Rehearing Denied June 8, 1926.

### Appeal and Error—Review—Order Granting New Trial.

The Supreme Court will not reverse the ruling of the trial court granting a new trial unless it can be seen that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been made.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by Wichita State Bank & Trust Company (Texas) against Fredrick Leader Company and others. Judgment for plaintiff against all defendants, except J. A. Carr, and T. F. Spurgeon. Judgment for Carr and Spurgeon against plaintiff. New trial awarded plaintiff, and Carr and Spurgeon appeal. Affirmed.

W. C. Austin, for plaintiff in error T. F. Spurgeon.

Herman S. Davis, for plaintiff in error J. A. Carr.

Wilson & Roe, for defendant in error.

Opinion by RUTH, C. Wichita State Bank & Trust Company will be referred to herein as plaintiff, and J. A. Carr and T. F. Spurgeon by their names, as their appeal will be considered separately as to them.

This action was on a note for the principal sum of $10,000 drawn in favor of plaintiff and executed by Frederick Leader Company, by J. L. Newland, president, J. A. B. Delworth, secretary-treasurer. On the back of the note appears the following:

"Indorsed: Payment of this note guaranteed. J. L. Newland; S. E. Patton, J. A. Mathis, J. L. Weeks, J. A. Carr, T. F. Spurgeon."

The note contained the following stipulation:

"The drawers and indorsers severally waive presentment for payment, protest, and notice of protest, and nonpayment of this

note and consent that time of payment may be extended without notice thereof."

And also the following notations:

"Due—12-28-21 No. 23941. Post office, Frederick, Okla. Remarks—Ext. to 5-28-22, Int. paid to 12-28-21. Int. paid to 6-28-22. Ext. to 10-28-22, $10,000 Cr. $1,000, Bal. $9,000. Ext to 5-1-23. Ext. to 8-1-23."

Spurgeon answered denying liability; alleging that he had been discharged by reason of the extensions of the note, and by the renewal thereof and new and substituted contracts, to which he did not consent; that on January 15, 1923, the note was voluntarily settled by the plaintiff taking two notes of the Frederick Leader Company, one for $9,000, due May 1, 1923, bearing 10 per cent. interest, indorsed by S. E. Patton, J. A. Mathias, J. L. Weeks, and J. A. Carr; and was marked on its face "R No. 23941," meaning the same was renewal of the original note No. 23941, and the new note was so entered on the permanent records of the plaintiff as No. 30340; that the second note was for $1,000, due March 1, 1923, bearing 10 per cent. interest, and with the same indorsements, and entered on the plaintiff's permanent records as No. 30339; that a new contract was thereby made as they had made the new notes bear interest at the rate of 10 per cent. whereas the original note carried but 8 per cent., and the original contract was thereby superseded, satisfied, and discharged; that he, Spurgeon, objected to any extension or renewal and refused to sign any renewal note, and declared the original note should be paid, and expressed his preference to paying his share and taking his loss; that at the time of the maturity of the original note contribution could have been enforced between those secondarily liable, but by reason of the failure of the Oklahoma State Bank of Frederick, several of the guarantors had become insolvent and cannot be made to contribute, etc.

Defendant J. A. Carr, in his answer, admits the execution of the note and his endorsement as guarantor, but alleges he was discharged of liability by reason of extensions made in the time of the payment of the note, and by the plaintiff taking certain notes at a subsequent date in renewal of the original note.

When the cause was called for trial, judgment was rendered for plaintiff against J. A. Mathias, S. E. Patton, J. L. Weeks, J. L. Newland, and the Frederick Leader Company; each having defaulted in answer. The issues joined by Carr and Spurgeon were tried to a jury, and a judgment rendered for

these defendants. A motion for a new trial was filed by plaintiff, and sustained by the court, and Carr and Spurgeon appeal, and bring this cause here for review upon petition in error and case-made, and assign as error:

(1) Error in sustaining the motion for a new trial.

(2) Refusal of the court to direct a verdict for these defendants.

(3) Because the court erred in not holding as a matter of law that an extension had been made on the note sued upon, and that the plaintiff is estopped to deny the plain import of the records kept in plaintiff bank of the transactions in connection with said note sued upon.

This court has frequently held that it will not reverse the ruling of the trial court granting a new trial, unless it can be seen beyond a reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error, the ruling of the trial court would not have been so made. Nale v. Herstein, 94 Okla. 263, 222 Pac. 248; Duncan v. McAlester Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982.

There is no merit in defendants' contention that an extension of the note sued on discharged them from liability, as the note specifically provides the payment may be extended without notice. See Oklahoma State Bank of Sayre v. Seaton et al., 69 Okla. 99, 170 Pac. 477.

The original note had not been altered in any material part. It was in the same condition as when delivered to the plaintiff, except for the notation of credit for $1,000, and various sums paid as interest. It appears that after several extensions were made, the plaintiff demanded that the note be paid or the amount of the principal materially reduced, and one of the defendants, J. A. Mathias, took to the plaintiff two new notes, one for $9,000 and one for $1,000, but as these notes did not bear the signatures of all the indorsers, plaintiff refused to accept them as renewals, but took them and pinned them to the original note. Subsequently, the $1,000 note was paid and canceled, and credit therefor was given on the original note. At maturity of the $9,000 note, another note for a like amount was tendered plaintiff, but as it did not contain the guaranty of all the original guarantors, plaintiff refused to accept the same as a renewal, but pinned the same to the original note and retained the original, and the bank

officials testified they had extended the credit on the original note because of the property statement of Carr and Spurgeon. J. A. Mathias corroborates the vice-president of the plaintiff bank, to the effect that when he delivered the new notes plaintiff refused to deliver the original note or to accept the new notes as renewals, for the reason they were not signed by all the original guarantors.

The original note was given a serial number 23941, and the $1,000 note was No. 30,-339, and the $9,000 note was No. 30340, on which appeared the notation "R. 23941," which it was testified usually signified "renewal," but in this case it was simply a memorandum for inside information in the bank, and that they always held the original note pinned to the new notes; gave credits on the original for payments of interest and principal, and looked to the original guarantors for payment.

In the absence of any agreement or understanding that a new note, given in renewal of the original note, will extinguish the debt evidenced by the original and cancel the same, the original note not being delivered up for cancellation, but retained by the payee, the makers and guarantors are liable on the original obligation. Spencer v. First State Bank of Alva, 116 Okla. 178, 243 Pac. 943. And whether there has been such agreement between the holder and the guarantors is a question of fact, and if the evidence failed to establish the fact of such an agreement, it was the duty of the court to sustain the motion of plaintiff and grant a new trial.

The record failing to disclose the trial court abused its discretion, and manifestly and materially erred with respect to some pure, simple, and unmixed question of law, the judgment of the trial court in sustaining plaintiff's motion for a new trial will be and is affirmed.

By the Court: It is so ordered.

Note.—See 4 C. J. p. 830 § 2813; 2 R. C. L. p. 191; 1 R. C. L. Supp. p. 432.