## FITZGERALD v. BRADY.

No. 21133.  Oct. 17, 1933.

R. B. Brown and J. E. Williams, for plaintiff in error.

John L. Hodge and Thos. Norman, for defendant in error.

BAYLESS, J. H. A. Brady, as plaintiff, brought an action in the district court of Carter county, Okla., against D. C. Fitzgerald, as defendant, and obtained a judgment, from which this appeal is brought. The parties will be referred to herein as plaintiff and defendant, as they appeared below.

The facts, as disclosed by the pleadings and evidence, are undisputed and show: That on January 11, 1922, J. H. Hinkle delivered his note for $5,000, indorsed by the defendant, to the plaintiff. This note was due one year from date. Between the due date and January 13, 1926, Hinkle made six payments upon the principal and interest, thereby reducing the principal amount to $2,000. The plaintiff demanded a renewal note and was given a renewal note dated January 11, 1926, due one year from that date. As a condition to the acceptance of the renewal note the plaintiff required the indorsement of the defendant, and the renewal note bore on its back the name of the defendant. Some time in October, 1927, Hinkle died, and thereafter when plaintiff requested of the defendant payment of the last note, the defendant denied indorsing it. The plaintiff then became convinced that the name of the defendant had been forged to the last note. It is undenied that down to about the time of the execution of the last note, and perhaps for sometime thereafter, Hinkle was solvent, but before and at the time of his death he was insolvent. The plaintiff pleaded the first note and its unpaid balance. The defendant pleaded: Payment

by the last note, but disclaimed liability thereon; 'the statute of limitations; the surrender and cancellation of the note sued on; and laches. The plaintiff's reply alleged the giving of the last note, the appearance thereon of the apparent indorsement of the defendant, the representations made to him of the authenticity of the defendant's indorsement; his reliance thereon; and later his discovery of its fraudulent character; by reason of all of which he alleged he elected to rescind the renewal transaction and to rely upon and sue upon the original note.

At the conclusion of the evidence the court discharged the jury and asked for briefs upon the questions of law presented. The act of the court in discharging the jury is assigned as error and is argued in the brief of the defendant, but we do not find any error therein. The record presented nothing but questions of law.

The defendant contends that the action pleaded in the plaintiff's petition is barred by the statute of limitations. The note sued upon contains this provision: "* * * and we agree to all extensions and partial payments."

The defendant contends that this provision, in effect, amounts to an indefinite waiver of the statute of limitations. The defendant's argument in support of this is largely based upon the fact that all of the partial payments made on this note were paid by Hinkle and not by the defendant, and that the extensions of time were without the knowledge or consent of the defendant. We have held in Schreiner v. City Nat. Bank, 76 Okla. 76, 183 P. 905; Carr v. Wichita State Bank, 118 Okla. 136, 246 P. 1088; Okla. State Bank of Sayre v. Seaton, 69 Okla. 99, 170 P. 477, and other cases, that payments made by the maker of a note, conditioned similar to the note herein, were made for the benefit of and the effect thereof was chargeable to the indorsers, sureties, and guarantors.

The defendant insists that the exact contention raised by him in this case was not presented or considered in those cases, and that it is presented to this court now for the first time. He then cites a number of cases supposedly sustaining his theory. These cases all involve notes or written obligations attempting on their face, by express provision, to waive the running of the statute of limitations or to waive, in advance, that defense. None of those cases present facts or conditions analogous to ours, except probably the case of Wellington Nat. Bank v. Thomson, 9 Kan. App. 667,

59 P. 178. But this case announces a rule even more strict than the one asserted by the defendant and in direct conflict with our rule in the cases cited in the preceding paragraph. We find nothing in those cases which would induce us to apply the rule contended for by the defendant.

The defendant argues the injustice which is likely to result to indorsers, sureties, and guarantors of negotiable instruments conditioned as the one above specified. He bases this argument upon the assumption that all of the burden of contracting and acting thereafter is upon the payee or holder of the instrument. This is wrong. The contract is as much his as anyone else's, and the duties he assumed, the diligence of seeing that his principal pays, that the instrument is discharged according to law, and his liability thereon terminated, are just as vital and pressing upon him as the corresponding or reciprocal duties and rights created on the part of others by the same instrument. Indeed, instruments of this kind are but usual and ordinary incidents of everyday business life and the most ordinary or casual care and prudence on the part of the indorsers, sureties, and guarantors will obviate the dire calamities prophesied for them by the defendant. We find no merit in the defendant's contention.

The defendant next contends that the plaintiff was guilty of laches in relation to his election to rescind, and the transaction in general. The record is absolutely silent of anything approaching laches on the part of the plaintiff, even under the strictest application contended for by the defendant. The plaintiff exacted periodical payments upon the instrument, granted extensions of time, and finally required and received a renewal note. When he discovered its fraudulent character he acted promptly and did all of the things required of him by sections 9498-9500, O. S. 1931.

The last contention of the defendant relates to the admissibility in evidence of the note sued upon. At the time the note was identified and offered in evidence, the defendant objected to its introduction in evidence upon the ground that it was "incompetent, irrelevant and immaterial." The court overruled this objection, and the defendant excepted. Nothing was said in support of the objection to indicate the basis for the objection, although we have held that it is the proper practice to indicate to the court the ground of the objection. Later the plaintiff seems to have learned that the objection was directed,

in part at least, to the failure of the plaintiff to pay the tax and the penalties resulting therefrom as provided by sections 9608-9613, C. O. S. 1921 (sections 12363-12368, O. S. 1931). The plaintiff then requested permission of the court to withdraw the note for the purpose of paying the tax, which permission was granted over the protest of the defendant. Then a written receipt, purporting to evidence the payment of the tax, was admitted in evidence over the objection of the defendant, who contended that the receipt showed upon its face that the full tax had not been paid. The sections of our statute above referred to provide the rate of tax and penalty, require the holder to present the note for registration and payment of tax, and provide that notes of the class covered by the statute shall not be received in evidence until proof of the payment of the tax is made. It was a proper exercise of the court's discretion to permit the withdrawal for the purpose of paying the tax thereon before judgment and to readmit it in evidence when the showing of the payment of the tax was made. Jones v. First Nat. Bank, 102 Okla. 185, 228 P. 992.

From an examination of the tax receipt, which is incomplete in the details of the basis of the calculation of the tax, it is impossible to say for what period of time the tax was paid. However, there is a presumption of correctness and of the exact fulfillment of the law attendant upon this receipt, for it is always presumed that an officer faithfully and competently performs a duty devolved upon him by law. The case of Boydston v. Continental, etc., Bank, 298 F. 31, is a case construing the provisions of our statute requiring the payment of a mortgage tax as a condition precedent to registration and enforcement of the mortgage, where the objection made to the mortgage and tax receipt offered in evidence was identical with the objection made in this case, to wit: The proper amount of tax had not been paid. In holding that the mortgage was properly admitted in evidence when a tax receipt was exhibited, the Circuit Court of Appeals said:

"This was a declaration by a proper official, as required by law, to the world that the tax had been paid, and all persons noticing the record of said instrument were justified in relying upon the presumption that the official acts or duties of the treasurer had been legally performed"

—and:

"The tax was to be determined and measured by the debt and its duration, and the latter factor may have been reasonably

considered as having entered into the computation. The deficiency in the collection, if any, was not, therefore, obvious to an examiner of the record, and the presumption of regularity was not overcome or rebutted from aught appearing upon the face of the record, or that may have been discovered within the record"

—and:

"It follows from the foregoing that, if the owner and holder of said obligations had a right to rely upon the full payment of said mortgage tax, remedies for its enforcement could not be denied him even though said tax had not been in fact fully paid. So far as he is concerned, it was not an imperfect obligation."

The two contentions are so similar that we adopt the language and reasoning above quoted as decisive of the question in this case. We hold that when a note of more than eight months duration, with written evidence of the payment of a tax thereon, is offered in evidence, a prima facie competent document is presented, and where an objection to its competency is made on the ground that the tax paid is insufficient, unless such objection is clearly apparent on the face of the records presented, the objection must be supported by competent evidence to rebut the presumption.

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., absent.