## WARNER BROTHERS THEATRE, Inc., v. PERRY.

No. 24957.　　April 16, 1935.

Rehearing Denied May 21, 1935.

John F. Butler, for plaintiff in error.

Dabney, Lawson, Rakestraw & Benson, for defendant in error.

PER CURIAM. In the trial court the defendant in error was plaintiff and the plaintiff in error was defendant. Let them be referred to as in the trial court.

Plaintiff instituted this action on April 20, 1933, in the district court of Oklahoma county against defendant to recover damages for personal injury alleged to have been sustained by the plaintiff.

Plaintiff's petition in part alleges:

"On March 11, 1932, he attended the Liberty Theatre about the hour of 11:30 a. m., and that as he and his wife started to leave the said show, they were on the first floor of said building, that it was necessary for him to go to the rest room. That from the inside lobby was a stairway leading to the second floor and the toilet was thereon. That the plaintiff emerged from the theatre and entered the inside lobby, ascended the stairway to the second floor to the toilet. That said stairway was within the main theatre building and entirely shut off from outside light and lighted only dimly by electricity. That after a few minutes the plaintiff approached the top of said stairway to descend said stairway. That the defendant had carelessly, negligently, and without due regard for the safety of the patrons of the show, permitted a banana peeling to be thrown upon said stairway on or about the third step from the top of said stairway, which consisted of about twelve steps. That because of the dimly lighted stairway aforesaid, plaintiff failed to see the aforesaid banana peeling, although he was proceeding with due care and traveling at the usual rate of travel in descending the stairway, and as a result sustained personal injury."

The case came on for trial on April 20, 1933, and plaintiff introduced his evidence and rested, and thereupon defendant interposed a demurrer to plaintiff's evidence, which demurrer was as follows:

"Comes now the defendant, Warner Bros., and demurs to the testimony of the plaintiff, Thomas J. Perry, for the reason that the same is insufficient to constitute a cause of action against the defendant and in favor of the plaintiff, and for the further reason that the testimony of the plaintiff discloses a lack of negligence on the part of the defendant, and for the further reason that the plaintiff has wholly failed to show that the defendant, Warner Brothers, had any knowledge of said banana peeling being on the stairway in dispute and has wholly failed to prove that defendant, Warner Bros., had knowledge that said banana peeling was on said stairs or any of the same for a sufficient length of time to impute negligence to the defendant."

Which demurrer was resisted by plaintiff, and thereafter, on April 27, 1933, the court sustained defendant's demurrer, to which the plaintiff excepted and exceptions were allowed.

Thereafter plaintiff filed his motion for a new trial, which came on for hearing on April 27, 1933, and thereafter the learned trial court granted plaintiff a new trial in said cause and in doing so made a statement from the bench as follows:

"During the time of the trial of this case, I was impressed that the plaintiff was relying upon the negligence of the defendant by reason of the presence of the banana peeling on a step of the stairway. I was so impressed at the time the demurrer to the evidence was presented, and it was upon this theory that I sustained the demurrer to the evidence because I felt there was no evidence offered supporting such allegation, and am still of that opinion. After listening to the argument of counsel for plaintiff today, I am impressed that the question of lights should have been submitted to the jury, and upon this theory I feel that the motion for new trial should be sustained. The motion for new trial is sustained."

And the learned trial court sustained plaintiff's motion for a new trial, to which the defendant excepted and exceptions were allowed, and from said order granting the motion for a new trial the defendant appeals, and said cause is here in this court for final determination.

We have examined the entire record in said cause and have considered the reasons of the learned trial court for granting a new trial in said cause, and we are of the opinion that the learned trial court was clearly justified by a long line of authorities in granting said motion for a new trial. That the learned trial court had the matter clearly before him is shown from his observations from the bench at the time of granting the motion for a new trial, in which he sustains a motion for a new trial.

"The plaintiff makes reference to its lighting, stating that the defendant fails to show any connection between the lighting of the steps and the plaintiff's injury. Further, that the defendant exercised reasonable care in making its premises safe for patrons.

"That the plaintiff pleaded but one act of

negligence to wit, permitting the banana peeling to remain upon the stairway, and that the question of inadequate lights was not an issue under the pleading.

"The rule of ipsa loquitur has no application to the present case. That the instrumentality causing the plaintiff's injury was not under exclusive control of the defendant.

"That under the pleadings and evidence the defendant as a matter of right was entitled to a judgment, and that the trial court erred in granting the defendant a new trial."

It appears that the outstanding question in this case is whether or not any degree of negligence with regard to the lighting system or whether the lighting system contributed to plaintiff's injury, or whether plaintiff in his testimony before the court had established the allegations of his petition relative to the lighting system used by the defendant in its theatre, and, in view of all the facts, whether the plaintiff had established the allegations of his petition to such an extent as to make a prima facie case, and after careful study of plaintiff's petition and the answer of the defendant, and the evidence introduced by plaintiff, with all inferences reasonably deducible therefrom, we are forced to the conclusion that the learned trial court should not have sustained the demurrer interposed by defendant, and having sustained such demurrer we are of the opinion that the learned trial court committed no error in granting a new trial. Carr v. Wichita State Bank & Trust Co., 118 Okla. 136, 246 P. 1088; St. Louis & Santa Fe Railway Co. v. Fisher, 37 Okla. 751, 133 P. 41; KKK Medicine Co. v. Harrington, 83 Okla. 201, 201 P. 496; Jarecki Mfg. Co. v. Thames, 151 Okla. 234, 3 P. (2d) 428; Poynter v. Beacon Falls Rubber Co., 115 Okla. 245, 242 P. 563.

The judgment of the trial court granting a new trial is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. Howard Lindley, Tom E. Willis, and A. O. Manning in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Lindley and approved by Mr. Willis and Mr. Manning, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.